UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALE GROSS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 04-CV-0098-CVE-FHM |
| | ) |
| HALE-HALSELL COMPANY, | ) |
| an Oklahoma Corporation, and | ) |
| ROBERT D. HAWK, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is Plaintiffs' Application for Leave to Amend Complaint (Dkt. # 45), filed on January 26, 2006, seeking to add approximately twenty plaintiffs. Plaintiffs' Complaint (Dkt. # 1) was filed on February 10, 2004. Plaintiffs subsequently filed an Amended Complaint (Dkt. # 7) on March 15, 2004. Defendant Robert D. Hawk objects (Dkt. # 48) to the plaintiffs' motion principally on the ground that the request to amend is untimely because it was filed after the January 1, 2006, deadline for motions for joinder of additional parties and amendment to the pleadings as established by the Standard Scheduling Order (Dkt. # 39). In addition, defendant argues that granting the plaintiffs leave to amend would be prejudicial, because defendant would have to re-take depositions of key witnesses to explore the new claims.

Rule 15(a) of the Federal Rules of Civil Procedure permits amendment of pleadings with leave of the court and provides that "leave shall be freely given when justice so requires." See, e.g., Gillette v. Tansy, 17 F.3d 308, 312 (10th Cir. 1994). The rule allows a judge to deny a motion to amend because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Moore v. Reynolds,

153 F.3d 1086, 1116 (10th Cir. 1998), <u>cert</u>. <u>denied</u>, 119 S. Ct. 1266 (1999) (citations omitted). Plaintiffs filed their application nearly two years after initiating litigation and failed to comply with scheduled deadlines. <u>Duncan v. Manager, Dept. of Safety, City and County of Denver</u>, 397 F.3d 1300, 1315 (10th Cir. 2005) ("In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend.") (citation omitted). Accordingly, the Court finds that justice does not require leave to further amend the complaint.

**IT IS THEREFORE ORDERED** that Plaintiffs' Application for Leave to Amend Complaint (Dkt. # 45) is **denied**.

**DATED** this 7th day of February, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT