**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DALE GROSS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 04-CV-98-GKF-FHM |
| ) | |
| HALE-HALSELL COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Before the Court is the plaintiffs' Motion to Review Costs (Document No. 153).

### I.  Background

The Court entered Final Judgment in this case on February 12, 2008. (Document No.138). Thereafter, Defendant Hale-Halsell Company ("Hale-Halsell") filed a bill of costs and motion for costs pursuant to Fed. R. Civ. P. 54(d), which provides that "costs. . . should be allowed to the prevailing party." (Document Nos. 139 and 140). Hale-Halsell sought reimbursement for various costs totaling $2,099.16.  (*Id.*).  The plaintiffs (all former Hale-Halsell employees, "Employees") filed a response to the motion, arguing that Hale-Halsell is not entitled to costs because it is not the prevailing party, and even if costs were appropriate, the amount of costs sought by Hale-Halsell should be reduced.

On March 25, 2008, the Court Clerk entered an order taxing costs in the amount of $830.16 in favor of Hale-Halsell.  The Employees then filed the present motion seeking a review of the Clerk's taxation of costs.  The Employees argue that any award of costs in favor of Hale-Halsell is improper because Hale-Halsell is not the prevailing party in this case.  In their motion, the Employees focus entirely on whether Hale-Halsell is entitled to costs and do not contest the amount awarded.

## II. Discussion

In determining whether Hale-Halsell is the prevailing party for purposes of Rule 54(d), it is important to understand the claims asserted in this case and the disposition of each claim.

The Employees brought three (3) claims by way of their original Complaint and subsequent Amended Complaint. They alleged that (1) Hale-Halsell terminated the Employees without proper notification under the Workers Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act"); (2) Hale-Halsell failed to pay wages in the form of accrued vacation time to the Employees, and final paychecks received by many of the Employees did not clear the bank, constituting violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (the "FLSA"); and (3) Hale-Halsell withheld contributions for a health insurance plan from the Employees' wages but failed to remit such contributions to the plan, and COBRA was not ongoing, all in violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA").

Hale-Halsell filed for bankruptcy shortly after the Employees initiated this lawsuit. As a result of the bankruptcy filing, this Court did not reach the merits of the Employees' FLSA and ERISA claims. Instead, the bankruptcy court established a liquidation plan by which the Employees obtained, or would ultimately obtain, most of the wages and medical benefits they claimed to be owed.[1] In light of the bankruptcy liquidation plan, Hale-Halsell moved this Court to dismiss the Employees' FLSA claim for failure to pay wages and ERISA claim for failure to pay medical benefits. (Document No. 135). The Employees filed a short response to the motion to dismiss,

---

[1] Hale-Halsell contends it did not dispute the Employees' claims for unpaid vacation and insurance benefits in the bankruptcy court.

stating that Hale-Halsell's proposed order of dismissal "can be entered by the court." (Document No. 137). The only claim finally determined on its merits by this Court was the Employees' WARN Act claim, on which the Court granted summary judgment in favor of Hale-Halsell.

The Employees contend that there is only one prevailing party in an action, and that a plaintiff is considered to have prevailed if he wins on one or more of his claims. *See Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir. 2001). In *Barber*, the plaintiff was considered the "prevailing party" even though he won only one dollar on one claim and lost the other two. *Id.* Relying on *Barber*, the Employees argue they were the "prevailing parties" in this case because they "received hundreds of thousands of dollars as a result of bringing this action." (Motion to Review Costs [Document No. 153], p. 4).

The Court disagrees. The "hundreds of thousands of dollars" purportedly received by the Employees were obtained through a separate bankruptcy proceeding and were not received as a result of any order or determination by this Court. A plaintiff becomes a "prevailing party" in an action if "actual relief on the merits of his claim materially alters the legal relationship between the parties. . . ." *Jones v. Eagle-North Hills Shopping Centre, L.P.*, 478 F.Supp.2d 1321, 1325 (E.D. Okla. 2007) (citing *Farrar v. Hobby*, 506 U.S. 103, 111-12, 113 S.Ct. 566 (1992)). Here, Hale-Halsell prevailed on the WARN Act claim when the Court granted summary judgment in its favor. The remaining claims, brought pursuant to the FLSA and ERISA, did not result in "actual relief on the merits" from this Court. Rather, these claims were dismissed by agreement of the parties after Hale-Halsell resolved its debts in bankruptcy. While the Employees may have "prevailed" in the bankruptcy proceeding, Hale-Halsell is the prevailing party in this action. *See Cantrell v. Int'l Broth. of Elec. Workers*, 69 F.3d 456, 458 (10th Cir. 1995) (when a party dismisses an action with

or without prejudice, the district court has discretion to award costs to the prevailing party under Rule 54(d)).

Furthermore, regardless of any prevailing party analysis, an award of costs under Rule 54(d)(1) is within the broad discretion of the trial court. *See Barber,* 254 at 1234-35. In *Barber,* the Tenth Circuit Court of Appeals recognized that in cases in which the prevailing party has been only partially successful, some courts have chosen to apportion costs among the parties or to reduce the size of the prevailing party's award to reflect the partial success. *Id., citing* Wright & Miller, Federal Practice & Procedure, § 2667. Similarly, in cases in which "neither side entirely prevailed, or when both sides prevailed, or when the litigation was thought to be the result of fault on the part of both parties," some courts have denied costs to both sides. *Barber*, 254 at 1234-35, *citing* Wright & Miller, *supra,* § 2668; *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir.1996) ("In the event of a mixed judgment, however, it is within the discretion of a district court to require each party to bear its own costs."); *Testa v. Village of Mundelein*, 89 F.3d 443, 447 (7th Cir.1996) ("Considering the mixed outcome of the civil rights and malicious prosecution claims, the decision requiring each party to bear its own costs is within that discretion.")). Based on the special circumstances of this case, the Court concludes that an award of costs in favor of Hale-Halsell in the amount of $830.16 is appropriate.

Finally, the total amount of costs awarded by the Clerk ($830.16) represents an amount *less than* the amount sought by Hale-Halsell for deposition costs alone ($846.92), and all depositions for which reimbursement is sought were used in support of Hale-Halsell's successful summary judgment motion on the WARN Act. Accordingly, the Court concludes that the Clerk's order of costs is appropriate on this basis. *See Tilton v. Captial Cities/ABC, Inc.*, 115 F.3d 1471 (10th Cir.

1997) (transcripts of depositions supporting successful motion for summary judgment taxable as costs).

**IT IS THEREFORE ORDERED** that the Motion to Review Costs (Document No. 153), insofar as it requests that the Court deny an award of costs to Hale-Halsell, is denied. The order of costs entered by the Court Clerk on March 25, 2008 (Document No. 152) is accepted and adopted by this Court.

**DATED** this 20th day of May 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma